1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6    PAUL JONES,                              Case No. 3:24-cv-00572-MMD-CSD

7                          Plaintiff,                       ORDER

8         v.

     PATRICIA HERNANDEZ, *et al.*,

9
                           Defendants.
10

11        Plaintiff Paul Jones brings this civil rights action under 42 U.S.C. § 1983 to redress

12   constitutional violations that he claims he suffered while incarcerated at Ely State Prison.

13   (ECF No. 6.) On March 18, 2025, the Court ordered Plaintiff to file an amended complaint

14   by April 17, 2025. (ECF No. 5.) The Court warned Plaintiff that the action could be

15   dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 4-5.) That

16   deadline expired and Plaintiff did not file an amended complaint, move for an extension,

17   or otherwise respond.

18        District courts have the inherent power to control their dockets and "[i]n the

19   exercise of that power, they may impose sanctions including, where

20   appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d

21   829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey

22   a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th

23   Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs

24   to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th

25   Cir. 1987) (affirming dismissal for failure to comply with court order). In determining

26   whether to dismiss an action on one of these grounds, the Court must consider: (1) the

27   public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

28   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

1   of cases on their merits; and (5) the availability of less drastic alternatives. *See In re*
2   *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting
3   *Malone*, 833 F.2d at 130).

4        The first two factors, the public's interest in expeditiously resolving this litigation
5   and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's
6   claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal
7   because a presumption of injury arises from the occurrence of unreasonable delay in filing
8   a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542
9   F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of
10  cases on their merits—is greatly outweighed by the factors favoring dismissal.

11       The fifth factor requires the Court to consider whether less drastic alternatives can
12  be used to correct the party's failure that brought about the Court's need to consider
13  dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining
14  that considering less drastic alternatives *before* the party has disobeyed a court order
15  does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th
16  Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that
17  "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's
18  order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled
19  with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).
20  Courts "need not exhaust every sanction short of dismissal before finally dismissing a
21  case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779
22  F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and
23  unless Plaintiff files an amended complaint, the only alternative is to enter a second order
24  setting another deadline. But the reality of repeating an ignored order is that it often only
25  delays the inevitable and squanders the Court's finite resources. The circumstances here
26  do not indicate that this case will be an exception: there is no hint that Plaintiff needs
27  additional time or evidence that he did not receive the Court's screening order. Setting

28

1   another deadline is not a meaningful alternative given these circumstances. So the fifth
2   factor favors dismissal.

3   　　　　Having thoroughly considered these dismissal factors, the Court finds that they
4   weigh in favor of dismissal. It is therefore ordered that this action is dismissed without
5   prejudice based on Plaintiff's failure to file an amended complaint in compliance with this
6   Court's March 18, 2025, order and for failure to state a claim. The Clerk of Court is kindly
7   requested to enter judgment accordingly and close this case. No other documents may
8   be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a
9   complaint in a new case.

10  　　　　It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF
11  No. 1) is granted. Plaintiff is not required to pay an initial installment fee, but the full
12  $350.00 filing fee will still be paid in installments under 28 U.S.C. § 1915.

13  　　　　It is further ordered that, under 28 U.S.C. § 1915, the Nevada Department of
14  Corrections will forward payments from the account of Paul Jones, #1266947 to the Clerk
15  of the United States District Court, District of Nevada, at a rate of 20% of the preceding
16  month's deposits (in months that the account exceeds $10.00) until the full $350.00 filing
17  fee has been paid for this action. The Clerk of Court is kindly requested to send a copy of
18  this order to the Finance Division of the Clerk's Office and to the Chief of Inmate Services
19  for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

20  　　　　DATED THIS 2nd Day of May 2025.

22  　　　　　　　　　　　　　　　　　_____
23  　　　　　　　　　　　　　　　　　MIRANDA M. DU
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE